IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZAKARIA SALAMEH and EKATERINA V. TULIAKOVA, | |
| Plaintiffs, | 4:22-CV-3258 |
| vs. | ORDER TO SHOW CAUSE |
| MERRICK GARLAND, Attorney General of the United States et al., | |
| Defendants. | |

The plaintiffs[1] have been waiting for the defendants, various United States government officials, to process their immigrant visas. The plaintiffs filed this lawsuit seeking a writ of mandamus, a declaratory judgment, and to compel agency action under the Administrative Procedure Act. *See* filing 16. The government has filed a motion to dismiss. Filing 21. This matter comes before the Court *sua sponte* because of a possible lack of jurisdiction.

For reasons not explained in the complaint, the plaintiffs are "inadmissible to the United States" under 8 U.S.C. § 1182(a). *See* filing 16 at 4-6. The plaintiffs are awaiting the adjudication of their I-130 visa petitions, filed by the plaintiffs' family members in the United States. *See id.*; § 1151(a)(1). To obtain an I-130 visa, the Attorney General may, in his discretion, waive the grounds for admissibility detailed in § 1182(a). *See* §§ 1182(h), (i). To

---

[1] When this case was filed, there were eleven plaintiffs. *See* filing 1. Now there are only two. The Court's understanding is that the plaintiffs are unrelated and are combined in this action because they are suffering from the same alleged injury: an unreasonable delay in processing their Form I-601s. *See* filing 16 at 4-6.

invoke that discretion, the plaintiffs each filed a Form I-601. *See* filing 16 at 7. The plaintiffs have been waiting for several years for government action on their pending forms. *See id.*

This Court is obligated to resolve jurisdictional defects before considering the merits of the plaintiffs' case. *E.g.*, *United States v. Harcevic*, 999 F.3d 1172, 1178 (8th Cir. 2021). Recent developments in the Eighth Circuit Court of Appeals suggest that this Court lacks subject matter jurisdiction. A month ago, the Court of Appeals held that no court had jurisdiction to review the Attorney General's decision to delay adjudicating an application under § 1255. *Thigulla v. Jaddou*, 94 F.4th 770, 777 (8th Cir. 2024). In that case, the plaintiff had challenged the manner in which the Attorney General adjusted the status of green card applicants, which delayed the plaintiff's application. *See id.* The Eighth Circuit analyzed the same statute that appears to apply to the present action. That statute provides that no court has jurisdiction to review:

> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General. . . .

*Id.* at 774 (quoting § 1252(a)(2)(B)). The Eighth Circuit, based on the plain language in both §§ 1252 and 1255, determined that "Congress intended to preclude judicial review of the Attorney General's discretionary decisions about the status adjustment process under § 1255(a)." *Thigulla*, 94 F.4th at

2

776.

That logic appears equally applicable to the present case, regarding the Attorney General's "discretionary decisions" related to waiving grounds for admissibility under § 1182(a). The language in § 1182 is similar to the language relied on by the *Thigulla* court in § 1255(a). *Compare* § 1182(h) ("The Attorney General may, in his discretion, waive the application of" some of the grounds for admissibility) *and* § 1182(i) ("The Attorney General may, in the discretion of the Attorney General, waive the application of" some of the grounds for admissibility), *with Thigulla,* 94 F.4th at 775 ("The status of an alien . . . *may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe*" (quoting § 1255(a)) (emphasis in original)).

It follows, based on the logic in *Thigulla,* that Congress intended to preclude judicial review of the discretionary decisions about applications for waivers, even if the final adjudication of those waivers is allegedly unreasonably delayed. *See* 94 F.4th at 776. Section 1252(a)(2)(B)(i) bars a court's jurisdiction to review a judgment regarding a waiver under §§ 1182(h) or (i). "In the same way, § 1252(a)(2)(B)(ii) bars this [C]ourt's jurisdiction to review the decision to delay adjudicating" the application for a waiver. *See Thigulla,* 94 F.4th at 775.

The jurisdictional bar in § 1252(a)(2)(B) does not preclude judicial "review of constitutional claims or questions of law." § 1252(a)(2)(D). The plaintiff has alleged constitutional violations by the unreasonable delay. Filing 16 at 10. But like the plaintiffs in *Thigulla*, the plaintiffs here "sued to compel agency action under the APA, not to consider a claim or question in a petition for review." *Compare* 94 F.4th at 777, *with* filing 16 at 12. Therefore, § 1252(a)(2)(D) does not relieve the plaintiffs from § 1252(a)(2)(B)'s jurisdictional

3

bar. *See Thigulla,* 94 F.4th at 777.

Considering the parties have not had an opportunity to address this recent legal development, and considering the complexities and nuances of immigration law, the Court will permit additional briefing on this issue.

IT IS ORDERED that the parties show cause by simultaneous briefs filed on or before May 21st, 2024, why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 23rd day of April, 2024.

                                      BY THE COURT:

                                      John M. Gerrard
                                      Senior United States District Judge